UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LASHONDA LYNN HOLMES,

                Plaintiff,                        **DECISION AND ORDER**

       v.                               6:23-CV-06591 EAW

CENTRAL INTELLIGENCE AGENCY,

                Defendant.

---

## INTRODUCTION AND BACKGROUND

*Pro se* plaintiff Lashonda Lynn Holmes ("Plaintiff") commenced this action on October 12, 2023, against the Central Intelligence Agency ("Defendant").[1] (Dkt. 1). Plaintiff alleges that Defendant issued "death threats," caused her "mental distress," allowed agents to talk in her head, and engaged in cyber stalking and invasion of privacy. (*Id.* at 1). Plaintiff requests that the Court "prevent such things from happening." (*Id.* at 4).

Presently before the Court is Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 8). Plaintiff responded on August 28, 2024, questioning if she will be "targeted" by Defendant again. (Dkt. 12).

For the following reasons, the Court grants Defendant's motion.

---

[1] Plaintiff has filed suit against Defendant on two prior occasions, and both times voluntarily withdrew the lawsuits before Defendant's appearance. *See Holmes v. C.I.A. et al.*, 6:20-CV-06354-EAW, Dkt. 8 (W.D.N.Y. Feb. 1, 2022); *Holmes v. C.I.A.*, 6:22-CV-06089-EAW, Dkt. 8 (W.D.N.Y. Nov. 7, 2022).

**DISCUSSION**

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). While the Court is "obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir.

2004), even pleadings submitted *pro se* must satisfy the plausibility standard set forth in *Iqbal* and *Twombly*, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*, though, we remain obligated to construe a *pro se* complaint liberally."). Plaintiff's claims are nonsensical.  She states that the federal basis for her claims are "tort, mental invasion" and "N/A (pro se)".  (Dkt. 1 at 4).  But Plaintiff simply lists a series of injuries such as death threats, agents talking in her head, cyber stalking, and harassment, without providing any factual basis for her claims.  Plaintiff provides no basis to conclude that Defendant is liable for any alleged tort.  (*Id.* at 1-4).

To the extent Plaintiff attempts to assert a claim under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. ("FTCA"), "[t]he FTCA explicitly avoids waiving sovereign immunity for 'any claim arising out of assault, battery,' and several other intentional torts." *Leytman v. United States Dep't of Homeland Sec. Transportation Sec. Admin.*, 804 F. App'x 78, 80 (2d Cir. 2020) (citing 28 U.S.C. § 2680(h)).  While the intentional tort bar makes an exception for certain intentional torts committed by "investigative or law enforcement officers," *see Pellegrino v. United States of Am. Transp. Sec. Admin., Div. of Dep't of Homeland Sec.*, 937 F.3d 164, 167 (3d Cir. 2019), Plaintiff's complaint fails to plausibly allege facts supporting such an intentional tort claim.  Thus, if Plaintiff was attempting to assert a FTCA claim, she has failed to plausibly allege a claim that would fall within the scope of the FTCA's waiver of sovereign immunity.

In addition, even if Plaintiff's complaint could be construed as asserting a viable claim under the FTCA, she has failed to plead compliance with the FTCA's administrative exhaustion requirement.  *Davila v. Gutierrez*, 330 F. Supp. 3d 925, 936 (S.D.N.Y. 2018),

*aff'd*, 791 F. App'x 211 (2d Cir. 2019) ("The plaintiff has the burden to plead compliance with the exhaustion requirement."). "The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

To the extent Plaintiff has attempted to assert a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), any such claim fails on numerous grounds. Plaintiff's allegations would present a "new *Bivens* context" that is "meaningfully different from the three cases in which the [Supreme] Court has implied a damages action." *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (internal quotation marks and bracket omitted) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 139 (2017)).[2] Moreover, "[t]he only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities," *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007), which Plaintiff has not sought here, *see Mendoza v. Edge*, 615 F. Supp. 3d 163, 169 (E.D.N.Y. 2022) ("A *Bivens* claim is brought against federal officials in their individual capacities.").

---

[2]    "In *Bivens*, the Court held that it had authority to create 'a cause of action under the Fourth Amendment' against federal agents who allegedly manacled the plaintiff and threatened his family while arresting him for narcotics violations." *Egbert*, 596 U.S. at 490 (quoting *Bivens*, 403 U.S. at 397). "Over the following decade, the Court twice again fashioned new causes of action under the Constitution—first, for a former congressional staffer's Fifth Amendment sex-discrimination claim, *see Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); and second, for a federal prisoner's inadequate-care claim under the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)." *Id.* at 490-91.

Finally, to the extent Plaintiff is attempting to assert a claim under Title VII of the Civil Rights Act, any such claim fails on many grounds, including that Plaintiff has not alleged that she was an employee of Defendant, *see Littlejohn v. City of N.Y.*, 795 F.3d 297, 313 (2d Cir. 2015) (noting "that Title VII 'does not create liability in individual supervisors and co-workers who are not the plaintiffs' actual employers'"), and there is no indication that Plaintiff exhausted her administrative remedies for a Title VII complaint by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC"), *see Duplan v. City of N.Y.*, 888 F.3d 612, 621-22 (2d Cir. 2018) ("Before an aggrieved party can assert a Title VII claim in federal court, he is generally required to exhaust the administrative remedies provided by the statute.  That is, a Title VII plaintiff generally must file a charge of discrimination with the EEOC 'within three hundred days after the alleged unlawful employment practice occurred,' and must then file an action in federal court within 90 days of receiving a right-to-sue letter from the agency. . . ." (citations omitted)).

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (internal quotation marks omitted); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) (*pro se* plaintiffs, whether proceeding *in forma pauperis* or those who have paid the filing fee, should be permitted to at least once amend their complaint when it "gives any indication that a valid claim might be stated"). But leave to amend pleadings is properly denied where amendment would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987

F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

Here, in Plaintiff's third lawsuit commenced against Defendant, she has failed to come close to plausibly alleging a viable claim. The allegations in the complaint are nonsensical and even giving Plaintiff the benefit of every doubt and construing the allegations broadly in her favor, there is no rational basis to conclude that it would be appropriate to permit her another opportunity to assert a claim against Defendant. Indeed, her response filed in opposition to the pending motion sheds no light on the basis for Plaintiff's claim nor suggests that an amendment would be anything but futile. Thus, the Court declines to grant Plaintiff an opportunity to attempt to amend her complaint.

## CONCLUSION

For all these reasons, Defendant's motion to dismiss for failure to state a claim (Dkt. 8) is granted. To the extent Plaintiff has attempted to assert an FTCA claim and any such claim is dismissed for failure exhaust, said dismissal is without prejudice for lack of jurisdiction.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  December 3, 2024
        Rochester, New York